IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-cv-82-BO

| | |
|---|---|
| LOVERN WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on defendant's motion to dismiss. [DE 10]. For the reasons stated below, defendant's motion is GRANTED.

## BACKGROUND

Plaintiff's application for a period of disability and disability insurance benefits under Title II of the Social Security Act was denied by an administrative law judge (ALJ) in November 2017. The Appeals Council denied review on June 22, 2018, which meant plaintiff had sixty days from the date of receipt to seek judicial review of the Commissioner's decision. Plaintiff timely filed a civil action seeking review on August 20, 2018. On December 13, 2018, the Court dismissed plaintiff's complaint without prejudice for failure to make timely service in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff filed this action on April 27, 2019. Defendant moved to dismiss the complaint because it was filed more than 60 days after the Appeals Council's denial. Plaintiff responded by pointing to the previous lawsuit, arguing the sixty-day deadline was met.

## DISCUSSION

Under the Social Security Act, an action to review the "final decision of the Commissioner of Social Security made after a hearing . . . must be commenced within sixty days after the mailing to [the party bringing the action] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). This deadline is subject to equitable tolling and is not a jurisdictional limit. *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986). But equitable tolling is not appropriate "where the claimant failed to exercise due diligence in preserving his legal rights." *Chao v. Virginia Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002).

While plaintiff's first action met the filing deadline, it was ultimately dismissed for failure to make timely service. This action was filed after the sixty-day deadline, and therefore, requires equitable tolling to avoid the time bar. Here, plaintiff failed to act diligently. Plaintiff waited over four months to file this suit after dismissal of the first one. Plaintiff provides no justification for this delay and there is no indication plaintiff requested an extension from the Commissioner. Promptly refiling the suit was within plaintiff's control, and the Court sees no reason why the deadline should be tolled.

## CONCLUSION

Defendant's motion to dismiss [DE 10] is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE. The Clerk is DIRECTED to close the case.

SO ORDERED, this  4  day of December, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE